**337IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MANUEL SIERRA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION 4:23-cv-4721 |
| | § | |
| **AMERICAN SECURITY INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

### AMERICAN SECURITY INSURANCE COMPANY'S
### NOTICE OF REMOVAL

Defendant American Security Insurance Company ("ASIC") files Notice of Removal against Plaintiff Manuel Sierra pursuant to 28 U.S.C. §§ 1441 and 1446, as follows:

### I.   INTRODUCTION

1. This case is removable because there is complete diversity between the parties in this litigation and the matter in controversy exceeds $75,000.00.

### II.   COMMENCEMENT AND SERVICE

2. The underlying lawsuit was commenced on November 17, 2023, when Plaintiff filed its Original Petition in the 113th Judicial District of Harris County, Texas, styled Cause No. 2023-80462; *Manuel Sierra v. American Security Insurance Company*.[1]

3. ASIC received service of process of the Original Petition through its statutory agent on November 22, 2023.[2]

4. ASIC filed its answer in state court on December 18, 2023.[3]

---

[1] *See* Exhibit B-1, Plaintiff's Original Petition.
[2] *See* Exhibit A, Process to ASIC.
[3] *See* Ex. B-2, Defendant's Answer.

5. This Notice of Removal is filed within thirty days of the receipt of process of a copy of the initial pleading and is thus timely filed under 28 U.S.C. § 1446(b). This Notice of Removal is also filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III. GROUNDS FOR REMOVAL

6. ASIC is entitled to remove the state court action to this Court pursuant to 28 U.S.C. § 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV. DIVERSITY OF CITIZENSHIP

7. This is an action with complete diversity of citizenship between Plaintiff and the Defendant.

8. Based upon the allegations in the Petition, Plaintiff is an individual who resides in Texas.[4] Based upon Defendant's records, and publicly available information, Plaintiff has been domiciled in the State of Texas since at least 2006.[5] Accordingly, Plaintiff is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332. *See Coury v. Prot*, 85 F.3d 244, 249-50 (5th Cir. 1996) (a natural person who is domiciled in a state is a citizen of that state for purposes of diversity under 28 U.S.C. § 1332(a)(1)).

9. Defendant ASIC is a foreign insurance company.[6] ASIC is organized under the laws of Delaware, with its principal place of business in Atlanta, Georgia.[7]

10. No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the proper parties.

---

[4] *See* Ex. B-1, Plaintiff's Petition, at ¶ 3.
[5] *Id.* Ex. G-1, Accurint Comprehensive Address Report, at p. 2 (demonstrating that Plaintiff has been domiciled in Texas since at least 2006).
[6] *See* Ex. B-1, Plaintiff's Original Petition, ¶ 5.
[7] *See* Ex. H, Declaration of Jeannie Aragon-Cruz.

## V. AMOUNT IN CONTROVERSY

11. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options: (1) the defendant may either remove the case immediately, if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or (2) the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount.[8] If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (1) looking to the defendant's removal papers or (2) making an independent appraisal of the amount of the claim.[9] In this Circuit, the amount in controversy is calculated by considering all potential damages.[10] Here, Plaintiff's Demand Letter demonstrates that the amount in controversy exceeds $75,000.

12. If this Court makes an independent appraisal of the amount of Plaintiff's claims in this case or relies on ASIC's removal papers, the Court will conclude that the amount in controversy exceeds $75,000.00. On September 12, 2023, Plaintiff's counsel sent ASIC a demand letter outlining $497,613.06 in alleged recoverable cost damages, $29,024.90 in alleged penalty interest, and $5,040.00 in attorney's fees and costs, attached with a report from Palmer & Palmer Consulting and Strategic Resolution detailing the $497,613.06 in damages being

---

[8] *See* 28 U.S.C. § 1446(b)(3); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–762 (5th Cir. 2000).

[9] *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

[10] *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd v. Greenerg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

claimed.[11] Accordingly, Plaintiff's notice establishes that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

## VI.  VENUE

13.  Venue lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a) because Plaintiff filed the state court action in this judicial district and division.

## VII.  NOTICE

14.  ASIC will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d). ASIC will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## VIII.  STATE COURT PLEADINGS

15.  Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX.  EXHIBITS TO NOTICE OF REMOVAL

16.  Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

  A. All executed process in the Case;

  B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

   1. Plaintiff's Original Petition;
   2. ASIC's Original Answer;

  C. All orders signed by the state judge;

---

[11] *See* Exhibit I, Plaintiff's Demand Letter, including the report from Palmer & Palmer Consulting and Strategic Resolution.

D. Docket Sheet;

E. An index of matters being filed;

F. List of All Parties and Attorneys of Record;

G. Declaration of Steven M. Correa;

    1. Accurint Comprehensive Business Report for Manuel Sierra;

H. Declaration of Jeannie Aragon-Cruz; and

I. Plaintiff's Demand Letter, including the report from Palmer & Palmer Consulting and Strategic Resolution.

## X. CONCLUSION

WHEREFORE, American Security Insurance Company, pursuant to the statutes cited herein, removes this action from the 113rd Judicial District Court of Harris County, Texas to this Court.

Dated: December 19, 2023    Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    S.D. ID No. 975212
    Steven M. Correa
    State Bar No. 24069536
    S.D. ID No. 1097457
    Rohit Mittal
    State Bar No. 24126317
    S.D. ID No. 3842506

1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: 713-337-5580
Facsimile: 713-337-8850
brad.aiken@mhllp.com
steven.corra@mhllp.com
rohit.mittal@mhllp.com

*Attorneys for Defendant*
*American Security Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on December 19, 2023 on the following counsel:

C. Bryan Beverly
THE VOSS LAW FIRM, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380
bryan@vosslawfirm.com

*Attorney for Plaintiff*

*/s/ Rohit Mittal*
Rohit Mittal